MRS. R. T. BODINE v. THE STATE.

No. 3463. Decided March 10, 1915.

Assignation House—Disorderly House—Charge of Court.

Where the indictment charged the defendant with keeping an assignation house where people meet by mutual agreement, and the court submitted in his charge the law of keeping a disorderly house, which is a different offense, the same is reversible error. Following Ross v. State, 33 S. W. Rep., 972.

Appeal from the County Court of Galveston. Tried below before the Hon. J. C. Canty.

Appeal from a conviction of keeping an assignation house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*T. C. Tumley* and *King & Hughes*, for appellant.—On question of court's charge: Jackson v. State, 26 S. W. Rep., 194; Burnsides v. State, 51 Texas Crim. Rep., 399, 102 S. W. Rep., 118, and case cited in opinion.

*C. C. McDonald*, Assistant Attorney General, for the State.—On question of court's charge: Dailey v. State, 55 S. W. Rep., 822.

DAVIDSON, JUDGE.—This prosecution was under an indictment preferred by the grand jury and transferred to the County Court at Law. The charging part of the indictment is as follows: "That Mrs. R. T. Bodine, . . . on or about the 15th day of the month of March in the year of our Lord One Thousand Nine Hundred and Fourteen, in the said County of Galveston, . . . then and there was the lessee and tenant, and occupied and controlled a house, building, edifice and tenement, then and there situate; and the said Mrs. R. T. Bodine did then and there keep and was concerned in keeping said house, building, edifice and tenement, as a place where men and women meet, and did then and there meet by mutual appointment, for the purpose of sexual intercourse. Against the peace and dignity of the State."

So it will be seen the indictment charges that the place kept by appellant was an assignation house, where men and women met by appointment to have sexual intercourse. The testimony from Grace Bell and her paramour, Sproule, say they met by agreement at Mrs. Bodine's house, and Sproule rented a room from her which they occupied for illicit intercourse purposes. Mrs. Bodine denies the transaction, and says she has never known of any person making appointment to come to her hotel for immoral purposes, and that she had not knowingly permitted people to make appointments for such purposes at her house. She said that Grace Bell lived with her some time ago, but since she left the hotel she had never seen her, and if she came there with a man or men she knew nothing of it. This is the case on the facts.

The court charged the jury that the indictment charged appellant did on or about the 15th day of March, 1914, in the County of Galveston and State of Texas, keep a disorderly house, a house kept for prostitution, and where prostitutes were permitted to resort and reside for the purpose of plying their vocation, and that the defendant, Mrs. R. T. Bodine, did then and there keep said disorderly house and she was then and there concerned in keeping said disorderly house for prostitution, and for prostitutes to resort and reside for the purpose of plying their vocation. And further charged: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, on or about the 15th day of March, 1914, in Galveston County, State of Texas, did keep a house for prostitutes, as defined in this charge, then you should find the defendant guilty as charged in the indictment and assess her punishment," etc. So it will be seen that the indictment charges appellant with keeping an assignation house where people meet by mutual agreement. The court submitted a house of prostitution kept for common prostitutes to reside and resort, etc. Exception was taken to the court's charge before it was delivered to the jury, pointing out this variance, and that the indictment had charged one violation of the statute and the court had submitted another. Also they further objected to this charge because there was no evidence to sustain the charge of the court. This is also brought forward in bill of exceptions filed and approved by the trial judge. The charge should conform to the allegations con-

tained in the indictment. The court's charge should have instructed the jury before they could convict the appellant they must find from the testimony beyond a reasonable doubt that she kept this house where people meet by mutual agreement for the purpose of illicit intercourse. They could not, under this indictment, convict her on a charge or on testimony either for keeping a house where prostitutes commonly resorted and plied their trade, etc. That is a different phase of the statute. See Ross v. State, 33 S. W. Rep., 972.

On account of the errors in the charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*