**Joyce HOBBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52787.**

Court of Criminal Appeals of Texas.

Feb. 9, 1977.

Rehearing Granted in Part April 6, 1977.

F. L. Garrison, Gilmer, for appellant.

J. Michael Smith, Dist. Atty., Gilmer, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for attempted capital murder. Punishment was assessed by the jury at twenty-eight years.

Appellant contends that the indictment was fatally defective. The indictment alleges in pertinent part:

"That Joyce Hobbs on or about the 25 day of July, A.D. 1975 . . . did then and there attempt knowingly to cause the death of James Leon Hobbs by promising remuneration, to-wit: promising to pay Virgil McCuller $100.00 to kill the said James Leon Hobbs by shooting him with a gun."

■ If the charging instrument does not allege that an offense was committed by the accused, it is insufficient in law to support a verdict of guilty and any conviction based thereon is void and may be challenged at any time. *American Plant Food Corporation v. State*, Tex.Cr.App., 508 S.W.2d 598.

"Attempt" is defined by V.T.C.A. Penal Code, Sec. 15.01, as follows:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

"Murder" is defined by V.T.C.A. Penal Code, Sec. 19.02, in pertinent part:

"(a) A person commits an offense if he:
(1) intentionally or knowingly causes the death of an individual."

"Capital murder" is defined by V.T.C.A. Penal Code, Sec. 19.03, in pertinent part:

"(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:
    *    *    *    *    *    *
(3) the person commits the murder for remuneration or the promise of

remuneration *or employs another to commit the murder for remuneration or the promise of remuneration.*" [Emphasis supplied.]

In the recent case of *Colman v. State*, Tex.Cr.App., 542 S.W.2d 144, it was contended that the indictment upon which an attempted capital murder conviction was based was fatally defective. The indictment, in pertinent part, read:

"   .   .   . then and there, with the specific intent to commit the offense of capital murder, attempt to cause the death of Terry L. Graves, hereinafter called complainant, by shooting the said Terry L. Graves with a pistol and the said complainant was a peace officer then and there acting in the lawful discharge of an official duty to-wit: attempting to arrest said defendant and the said defendant then and there knew the said complainant to be a peace officer." [1]

This Court held that the indictment was not fatally defective for failure to allege the phrase in Sec. 15.01, supra, "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." The indictment in *Colman* clearly alleged facts which showed "more than mere preparation" in committing the offense of attempted capital murder.

■ The facts constituting an offense denounced by a statute should be alleged so that the conclusion of law may be arrived at from the facts stated. *Posey v. State*, 545 S.W.2d 162 (1977), and numerous cases cited therein. Does the instant indictment allege facts which would lead to the legal conclusion that appellant did "more than mere preparation" in committing the offense of attempted capital murder?

■ The indictment does nothing more than aver a promise to pay a named individual to kill James Leon Hobbs by shooting him with a gun. This factual allegation is not such as would lead to the legal conclusion that the accused committed acts "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

We note that the allegation of "promise to pay" set forth in the indictment does not meet the requirement of Section 19.03(a)(3) that the accused "   .   .   . employs another to commit the murder for remuneration or the promise of remuneration." The term "employ" is defined to be equivalent to "hiring" or "to engage the services of another, usually by contract or agreement for the performance of the services and the payment of a compensation therefor." Ballentine's Law Dictionary (3rd ed. 1969); see Black's Law Dictionary (4th ed. 1968). The indictment purports to charge appellant with attempted capital murder on the basis of a promise to pay McCuller $100.00 to kill Hobbs, without reciting that appellant hired or employed McCuller [2] or that McCuller accepted the offer of employment or that McCuller did any act demonstrating that he relied on the promise. Thus, the indictment alleges only a unilateral act by appellant, the promise to pay for the killing of Hobbs.

■ The State points to the fact that appellant had filed a motion to quash the indictment and that the State had advised appellant in open court that it was going to request permission from the court to withdraw its announcement of ready unless appellant withdrew her motion to quash. The appellant then announced to the court that she was willing to waive any defect in the indictment. On the basis of this waiver, the State urges that this Court "can do nothing more than conclude that the appellant was well aware of the charges pending against her." Notice to appellant of the charges pending against her is not the problem. The deficiency in the instant indictment is a fundamental one, the failure of the charging instrument to allege the of-

---

1. See V.T.C.A. Penal Code, Sec. 19.03(a)(1).

2. See New Texas Penal Code Forms, Sec. 1903C (W. Morrison and T. Blackwell); 2

Branch's Annotated Penal Statutes, Sec. 1903 (3rd ed. 1974).

fense upon which appellant was convicted. See *American Plant Food Corporation v. State*, supra. Appellant's waiver does not cure this fundamental impediment.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

DOUGLAS, Judge, dissenting.

The majority reverses the case on the insufficiency of the indictment. Appellant specifically withdrew any objection to the indictment. She knew what she was charged with. The majority holds that that part of the indictment that appellant "did then and there attempt knowingly to cause the death of James Leon Hobbs by promising remuneration, to-wit: promising to pay Virgil McCuller $100.00 to kill the said James Leon Hobbs by shooting him with a gun" is not sufficient because it does not show that appellant hired McCuller or that McCuller accepted the offer or employment or that McCuller did any act demonstrating that he relied on the promise.

It should be noted that the indictment alleges a "promising to pay." It does not allege an offer to pay.

This allegation is sufficient, especially absent an exception or motion to set aside the indictment, to show that there was an agreement by appellant's offering to pay to have Leon Hobbs killed.

There was no more that appellant had to do to attempt to get Leon Hobbs killed. The balance was up to McCuller.

The indictment sufficiently alleges an attempt on the part of appellant to have the murder committed.

The judgment should be affirmed.

### OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

The State's motion for rehearing asserts the indictment is not fundamentally defective because it alleges the offense of criminal solicitation, which is defined in V.C. T.A., Penal Code, Sec. 15.03 as follows:

"(a) A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission."

Although not a model pleading, the instant indictment substantially alleges all of the elements of criminal solicitation. The instant indictment alleges appellant "did then and there attempt knowingly to cause the death of James Leon Hobbs", and this is sufficient to allege appellant acted with intent that a felony be committed. The indictment further alleges appellant promised to pay $100.00 to another "to kill the said James Leon Hobbs by shooting him with a gun", and this is sufficient to allege that appellant requested, commanded or attempted to induce another to engage in specific conduct that would constitute the intended felony.

In our opinion on original submission we noted that the indictment does not allege attempted capital murder under V.C. T.A., Penal Code, Sec. 19.03(a)(3), because the indictment alleges only a unilateral act by appellant, without reciting that appellant hired or employed another to kill Hobbs. While we adhere to that holding, we note that to determine the intended felony under Sec. 15.03, supra, we must look to the specific conduct appellant requested, including the circumstances surrounding the conduct as appellant believed them to be. The indictment alleges appellant promised remuneration to another to kill Hobbs. Sec. 19.03(a)(3), supra, defines capital murder as the commission of murder for remuneration or the promise of remuneration. Thus, the instant indictment alleges appellant solicited another to commit capital murder.

Although the indictment sufficiently alleges appellant committed criminal solicitation, this theory was not submitted to the jury in the court's charge.

"The rule is universal and has been emphasized frequently by appellate courts, and in a great number of cases by the appellate courts of this state, that the charge must be limited to the allegations in the indictment. A jury would not be authorized to convict appellant of any other offense than that specifically charged, and the court should confine the consideration of the jury in the charge to the allegation contained in the indictment."

*Emerson v. State*, 54 Tex.Cr.R. 628, 114 S.W. 834, 835 (1908). See also *Bodine v. State*, 76 Tex.Cr.R. 314, 174 S.W. 609 (1915); *Price v. State*, 81 Tex.Cr.R. 208, 194 S.W. 827 (1917); *Booker v. State*, Tex.Cr.App., 523 S.W.2d 413 and cases cited therein.

The charge authorized the jury to convict appellant of attempted capital murder or attempted murder, theories not charged in the indictment. See *Ross v. State*, Tex.Cr. App., 487 S.W.2d 744; *Windham v. State*, Tex.Cr.App., 530 S.W.2d 111; *Williams v. State*, Tex.Cr.App., 535 S.W.2d 352.

The foregoing errors in the court's charge were fundamental and calculated to injure the rights of the appellant to the extent she was denied a fair and impartial trial. See Art. 36.19, V.A.C.C.P.

The State's motion for rehearing is granted in part, and the judgment is reversed and the cause remanded.