Marshall Leon ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–87–01281–CR, 05–87–01282–CR.

Court of Appeals of Texas, Dallas.

Jan. 13, 1989.

368

Richard Weaver, McKinney, for appellant.

Tom O'Connell and Randall A. Blake, McKinney, for appellee.

Before WHITHAM, BAKER and KINKEADE, JJ.

BAKER, Justice.

A jury convicted Marshall Leon Robinson of arson and solicitation of capital murder. Punishment was assessed at twenty years and seventy-five years respectively. In five points of error, appellant contends that: (1) the solicitation statute is unconstitutionally vague; (2) the solicitation indictment is fundamentally defective; (3) the evidence is insufficient to sustain the arson conviction; (4) a motion to quash the arson indictment should have been granted; and (5) an objection to jury argument should have been sustained. We overrule these points and affirm both judgments of conviction.

The record shows that appellant met with Donald Ray Spivey in October of 1986 and requested that Spivey burn appellant's house and murder appellant's stepson in exchange for money. Appellant and Spivey held other meetings at which Julie Ann Douell was also present, and further details of the plan to burn the house were discussed. Spivey attempted to kill the stepson but only succeeded in injuring him, and appellant paid Spivey a fraction of the sum of money to be paid for the stepson's murder. Spivey later burned the house, and appellant paid him for doing so.

Appellant's first point of error contends that his conviction for solicitation of capital murder is void because the statute upon which the prosecution is based is unconstitutionally indefinite, vague, and uncertain. Appellant was charged with the offense of criminal solicitation under section 15.03(a) of the Texas Penal Code, which provides as follows:

> (a) A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding *his conduct* as the actor believed them to be, would constitute the felony or make the other a party to its commission.

TEX.PENAL CODE ANN. § 15.03(a) (Vernon 1974) (emphasis added). Appellant argues that the phrase "under the circum-

stances surrounding his conduct" is so ambiguous, vague, and indefinite as to prevent a person of ordinary intelligence from determining whose conduct is under scrutiny, and therefore, this section of the Code is unconstitutionally vague, indefinite, and uncertain, and his conviction should be held void.

A statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute," or if it "encourages arbitrary and erratic arrests and convictions." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Adley v. State*, 718 S.W.2d 682, 685 (Tex.Crim.App. 1985). Either is an independent ground. *Adley*, 718 S.W.2d at 685.

In construing a penal statute assailed as being unconstitutionally vague, we are enjoined not to strictly construe such statute and are to construe any provisions of the Penal Code according to the fair import of its terms, to promote justice and effect the objectives of the Code. TEX.PENAL CODE ANN. § 1.05(a) (Vernon 1974). Also, when enacting a statute, the legislature is presumed to have intended compliance with the federal and state constitutions, that the entire statute is intended to be effective, that a just and reasonable result is intended, that a result feasible of execution is intended, and that the public interest is favored over any private interest. TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988).

In 1977, the Texas Court of Criminal Appeals had occasion to construe the statute in question. *See Hobbs v. State*, 548 S.W.2d 884 (Tex.Crim.App.1977). In *Hobbs*, the court held that to determine the intended felony under section 15.03(a), we must look to the specific conduct the accused requested, including the circumstances surrounding the conduct as the accused believed them to be. 548 S.W.2d at 887. Thus, the phrase in question refers to the solicitee's conduct. In our view, implicit in this holding is the conclusion that the phrase or clause questioned by appellant is

not vague, indefinite, or uncertain. We overrule point number one.

In his second point of error, appellant contends that his conviction of solicitation is void because it is based upon a fundamentally defective indictment that fails to charge an offense under section 15.03(a) of the Texas Penal Code. The indictment charges the offense of solicitation of capital murder in these words:

[On or about October 23, 1986, Marshall Leon Robinson did then and there] with intent that a capital felony be committed, namely: intentionally and knowingly cause the death of an individual, namely: Sammy Michael Hoelscher, by employing another, namely: Donald Ray Spivey, to commit said murder for remuneration and the promise of remuneration, namely: lawful United States currency, and the defendant intentionally and knowingly requested, commanded and attempted to induce another, namely: Donald Ray Spivey, to engage in specific conduct, namely: the murder of Sammy Michael Hoelscher, that, under the circumstances surrounding *the defendant's conduct* as the defendant believed them to be, would constitute the aforesaid capital felony and make the said Donald Ray Spivey a party to its commission....

(Emphasis added.)

Appellant argues that the words "his conduct" in the solicitation statute refer to the circumstances surrounding the *solicitee's* conduct as the defendant believes them to be. The indictment, however, refers to the circumstances surrounding the *defendant's* conduct as the defendant believes them to be. We disagree with the contention that the indictment is fundamentally defective. Although there is error in the indictment, it does charge an offense and is not fundamentally defective.

First, the relevant phrase is not an element of the offense of criminal solicitation; rather, the relevant phrase was inserted to preclude impossibility as a defense. *See* Searcy & Patterson, *Practice Commentary*, TEX.PENAL CODE ANN. § 15.03 (Vernon 1974). Second, in *Hobbs*, the Texas Court of Criminal Appeals ap-

proved an indictment for criminal solicitation that completely omitted the phrase appellant objected to. 548 S.W.2d at 887. In *Hobbs,* the indictment read:

That Joyce Hobbs on or about the 25th day of July, A.D. 1975 ... did then and there attempt knowingly to cause the death of James Leon Hobbs by promising remuneration, to wit: promising to pay Virgil McCuller $100.00 to kill the said James Leon Hobbs by shooting him with a gun.

548 S.W.2d at 885.

The court said: "Although not a model pleading, the instant indictment substantially alleges *all* of the elements of criminal solicitation." 548 S.W.2d at 887 (emphasis added). Although the court did state that it had to look at the "circumstances surrounding the conduct as appellant believed them to be," the court's analysis did not consider what appellant believed; instead, the court stated flatly: "The indictment alleges appellant promised remuneration to another to kill Hobbs.... Thus, the instant indictment alleges appellant solicited another to commit capital murder." 548 S.W.2d at 887. *Hobbs* illustrates that the phrase in question is not an element of criminal solicitation. This conclusion has been reaffirmed by the Court of Criminal Appeals in a more recent opinion. *See Schwenk v. State,* 733 S.W.2d 142, 148 (1987) (op. on reh'g). Therefore, though defective and subject to a motion to quash, the indictment nevertheless alleges the elements of the offense of criminal solicitation. The indictment was sufficient to charge appellant with an offense, and the trial court was vested with jurisdiction.

 The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case. TEX.CODE CRIM.PROC.ANN. art. 1.14(a) (Vernon Supp.1989). If a defendant does not object to a defect, error, or irregularity in the form or substance of an indictment before the date on which the trial on the merits commences, he waives and forfeits the right to object and may not raise the objection on appeal or in any other postcon-

viction proceeding. TEX.CODE CRIM. PROC.ANN. art. 1.14(b) (Vernon Supp. 1989). The record in this cause reflects that the appellant made no objection to the indictment, and since he failed to object within the time specified in article 1.14(b), he may not raise any objection to the indictment on appeal and has waived his right to do so. *See Van Dusen v. State,* 744 S.W. 2d 279, 280 (Tex.App.—Dallas 1987, no pet.). Appellant's second point of error is overruled.

In his third point of error, appellant contends that the evidence is insufficient to support the conviction for arson. He argues that the evidence fails to show that Spivey had the requisite knowledge to prove the elements of the offense.

Appellant's indictment charged arson committed under Texas Penal Code, section 28.02(a)(1), (2), and (3). The relevant portion of the statute provides:

(a) A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage any building, habitation, or vehicle:

(1) knowing that it is within the limits of an incorporated city or town;

(2) knowing that it is insured against damage or destruction;

(3) knowing that it is subject to a mortgage or other security interest.

TEX.PENAL CODE ANN. § 28.02(a)(1), (2), (3) (Vernon Supp.1989). Upon conclusion of the evidence, the charge to the jury included the law of parties and applied the law to the facts in alternate paragraphs as alleged in the indictment. In each application paragraph, Spivey was alleged to be "the primary" actor with appellant being the person who solicited, encouraged, directed, aided, or attempted to aid Spivey in the commission of the offense.

 Appellant argues that the evidence is insufficient to prove that Spivey had knowledge that the habitation in question was within the incorporated city limits of Plano, Texas, or that the habitation was insured against damage or destruction, or that the habitation was subject to a mortgage or other security interest. We agree with appellant that the State failed to prove

that Plano is an incorporated city or town, and the State concedes that it failed to prove that Spivey knew that appellant's habitation was subject to a mortgage or other security interest. We find, however, that evidence was otherwise sufficient to support the conviction.

The State argues that there is evidence proving that Spivey knew appellant lived in Plano, Texas, that Spivey knew appellant's address in Plano, that Spivey visited appellant's house in Plano, and that such evidence is more than sufficient to establish circumstantially that Spivey knew that appellant's home was within the incorporated city limits of Plano, Texas. This argument begs the question. The State fails to point out where it proved that Plano, Texas, was an incorporated city or town. We must be cited to the record. This court should not be expected to study a voluminous record hoping to find the matter raised by the State or by appellant and then speculate whether it is that part of the record to which the State or appellant has reference. *See* TEX.R.APP.P. 74(d), (e), (f); *Cook v. State*, 611 S.W.2d 83, 87 (Tex.Crim.App. 1981). We conclude that the State failed to prove that appellant committed an offense under Section 28.02(a)(1).

 However, as appellant recognizes, it is proper for an indictment to allege different ways of committing the offense conjunctively and for the jury to be charged disjunctively. *Vaughn v. State*, 634 S.W.2d 310, 312 (Tex.Crim.App.1982). Proof of either is sufficient, *Pinkerton v. State*, 660 S.W.2d 58, 62 (Tex.Crim.App. 1983), and where a jury returns a general verdict finding a defendant guilty as charged in the indictment, the verdict must be applied to the phase of the offense which is supported by the evidence. *See Vasquez v. State*, 665 S.W.2d 484, 487 (Tex. Crim.App.1984), *overruled on other grounds, Gonzales v. State*, 723 S.W.2d 746 (Tex.Crim.App.1987). Thus, although we have concluded that the State failed to sustain its burden of a violation of Section 28.02(a)(1), the question remains whether the State proved that appellant committed an offense under Section 28.02(a)(2).

Appellant argues that the testimony of the witness Julie Douell was insufficient to prove that Spivey knew that the house was insured against damage or destruction and further argues that her credibility was subject to question.

The record reflects that Douell testified as follows:

Q. All right. Do you recall testifying that you went with Marshall Leon Robinson and Donald Ray Spivey to a warehouse that was used or rented by Marshall Leon Robinson?

A. Yes.

Q. Do you recall overhearing [a] portion of a conversation between Donald Ray Spivey and Marshall Leon Robinson at that location?

A. Yes sir.

Q. Do you recall whether or not Marshall Leon Robinson made any statement that related to the killing of Sammy Hoelscher or burning of his house?

A. He said that he was going to take all of the stuff out of his house of value and put it in the warehouse and collect insurance on it, like computers.

\* \* \* \* \* \*

Q. Do you recall whether or not Marshall Leon Robinson ever told you or Donald Ray Spivey in your presence whether or not that house—Marshall Leon Robinson's house—was insured?

A. He told us he had it insured for $50,000.

 The elements to be proved under Section 28.02(a)(2) are: (1) a person, (2) starts a fire, (3) with the intent to damage or destroy the habitation (4) knowing that it is insured against damage or destruction. We conclude upon viewing the evidence in the light most favorable to the verdict that any rational trier of the fact could find the essential elements of the offense as defined under Section 28.02(a)(2) insofar as Spivey's knowledge is concerned. *See Houston v. State*, 663 S.W.2d 455, 456 (Tex. Crim.App.1984). Questions concerning the credibility of witnesses and the weight to be given their testimony are to be resolved by the trier of fact. *Bonham v. State*, 680

S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The trier of fact is free to accept or reject all or a portion of the testimony of any witness. *Benjamin v. State,* 621 S.W.2d 617, 618 (Tex.Crim. App.1981). We overrule appellant's third point.

In his fourth point of error, appellant complains that the trial court erred in overruling his timely motion to quash the indictment for failure to adequately describe the incorporated city or town in the first paragraph of the indictment. The record reflects that this paragraph alleged that the "habitation was within the limits of an incorporated city and town" without naming or otherwise identifying the location or the town.

■ This paragraph tracks the statutory language of the code. Generally, an indictment which tracks the words of a penal statute is legally sufficient. *Santana v. State,* 658 S.W.2d 612, 613 (Tex.Crim. App.1983). However, appellant's contention is that the paragraph was ineffective to give him the degree of notice required to prepare his defense or to bar subsequent prosecution for the same offense.

■ It has been recognized that even if an indictment is not defective as a matter of substance, it may be subject to a challenge as to form. *See American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex.Crim.App.1974), *appeal dismissed,* 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795 (1975). Under such circumstances, we are then required to look to article 21.19 of the Texas Code of Criminal Procedure which mandates that an indictment shall not be held insufficient, nor shall the trial, judgment, or other proceedings thereon be affected by reason of any defect of form which does not prejudice the substantial rights of the defendant. *See* TEX.CODE CRIM.PROC.ANN. art. 21.19 (Vernon 1966).

■ It has been held under similar circumstances that the analysis to be employed involves two steps. The first step is to determine whether the charging instrument failed to convey some requisite item of "notice." If sufficient notice is given, the inquiry is at an end. If not, the second step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare his defense, and finally, how great an impact. *See Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim. App.1986). We are instructed to review the entire record for prejudice to the accused's substantial rights from the defect of form in the charging instrument. *Adams,* 707 S.W.2d at 903; *see also Opdahl v. State,* 705 S.W.2d 697, 699 (Tex. Crim.App.1986).

■ For purposes of disposition of this point of error, we will treat the first paragraph allegations as insufficient[1] to furnish the requisite notice and review the record for prejudice to appellant's substantial rights from the defect of form in the charging instrument. It is clear from the record that since the house that was burned was occupied by appellant, he had personal knowledge of its location at the address of 3201 Oak Vista, Plano, Texas. It is also clear that except for the motion to quash, the location of the burned house played no part in appellant's defense to the arson charge, nor did appellant argue to the jury in any way about location of the property burned. Appellant fails to explain how the failure to allege the location of the house hindered his defense since he did not present a defense based on this assertion. We have previously found that the evidence was insufficient to convict him on this count of the indictment, and therefore the failure of that count to properly allege location as appellant contends did not prejudice his substantial rights. Since the evidence was sufficient under the second count of the indictment, we conclude beyond a reasonable doubt that the error, if any, made no contribution to his conviction. TEX.R.APP.P. 81(b)(2). We overrule appellant's fourth point.

In his final point, appellant asserts that the trial court erred in overruling his objec-

---

1. *See Castillo v. State,* 689 S.W.2d 443, 449 (Tex. Crim.App.1984) (op. on reh'g).

tion to the State's alleged prejudicial jury argument. Appellant complains of the State's argument "that [appellant's] taking the opportunity to put on a defense and the defense attorney's got to do something to focus [the jury's] attention away from his client." Appellant objected on the ground that it attacked defense counsel as possibly dreaming up his defenses. The court overruled the objection.

Appellant contends that the thrust of the State's argument was that defense counsel had manufactured evidence. Appellant maintains that the argument falls outside of the four areas of permissible jury argument[2] and therefore was improper and was merely an attempt to inflame the minds of the jury against appellant's counsel. Even if this argument is improper, however, improper jury argument will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceedings. *Brown v. State,* 692 S.W.2d 497, 502 (Tex.Crim.App.1985). We have examined the record in the case and hold that the argument, even if improper, does not rise to the level of reversible error. We overrule appellant's fifth point.

The judgment of conviction of solicitation of capital murder in cause number F87–062R in the trial court is affirmed. The judgment of conviction for arson in number F86–416HR in the trial court is affirmed.

WHITHAM, J., dissented and filed opinion.

WHITHAM, Justice, dissenting.

I respectfully dissent in part and concur in part. In my view, appellant's conviction of solicitation is void because it is based upon a fundamentally defective indictment that fails to charge an offense under section 15.03(a) of the Texas Penal Code. Therefore, I would sustain appellant's second point of error, reverse the trial court's judgment of conviction of solicitation of capital murder in cause number 05–87–

01281–CR and order the indictment in that cause dismissed. I concur that the trial court's judgment of conviction for arson in number 05–87–01282–CR be affirmed.

As to my dissent, I point out that the majority's reliance upon *Hobbs v. State,* 548 S.W.2d 884 (Tex.Crim.App.1977) is misplaced. The issue in *Hobbs* was different from the issue in the present case. In *Hobbs,* appellant was convicted of attempted capital murder. The issue was whether the indictment alleged facts which would lead to the legal conclusion that appellant did more than mere preparation in committing the offense. *Hobbs,* 548 S.W.2d at 886. Thus, the majority in the present case relies on dicta found in *Hobbs* to the effect that the indictment in *Hobbs* substantially alleged all of the elements of criminal solicitation. *Hobbs,* 548 S.W.2d at 887. We know the language from *Hobbs* relied on by the majority is dicta because the Court of Criminal Appeals indicates as much in its subsequent opinion in *Schwenk v. State,* 733 S.W.2d 142, 148 (Tex.Crim.App.1987) (op. on reh'g). Thus, *Schwenk,* referring to *Hobbs,* affirms that on rehearing in *Hobbs,* the State argued that while the indictment did not properly allege the offense of attempted capital murder, it did allege criminal solicitation. *Schwenk,* 733 S.W.2d at 148. Indeed, I conclude that the Collin County District Attorney considers *Hobbs'* language to be dicta. I reach this conclusion because in both the present case and in the case of *Welch v. State,* No. 05–87–00047–CR (Tex.App.—Dallas Dec. 18, 1987, pet. ref'd) (unpublished) the Collin County District Attorney opted for the present form of indictment rather than the form approved in *Hobbs.* I reason that if the Collin County District Attorney considered *Hobbs* to be the law on how to allege the offense of criminal solicitation, this court would not have before it the issue here raised in appellant's second point of error or faced by this court in *Welch.*

In *Welch,* another panel of this court reversed a conviction for solicitation of capital murder where the indictment was virtually identical to that in the present case.

2. *See Cannon v. State,* 668 S.W.2d 401, 404 (Tex. Crim.App.1984).

In *Welch,* we cited *Hobbs.* In *Welch,* we held that the indictment did not charge a crime and was fundamentally defective, and that the conviction based thereon was void. *Welch,* slip op. at 5. In this connection, I recognize that an unpublished opinion should not be cited as authority by a court. TEX.R.APP.P. 90(i). Thus, I do not cite *Welch* as authority. I do, however, urge upon the reader that the Court of Criminal Appeals, in refusing the petition for discretionary review, passed up the opportunity to tell us that we were wrong in *Welch.* For the reasons that follow, I am still of the opinion that we were right.

Section 15.03 of the Texas Penal Code defines criminal solicitation as follows:

> (a) A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding *his conduct* as the actor believes them to be, would constitute the felony or make the other a party to its commission.

TEX.PENAL CODE ANN. § 15.03(a) (Vernon 1974) (emphasis added). The indictment charges the offense of solicitation of capital murder in these words:

> [On or about October 23, 1986, Marshall Leon Robinson did then and there] with intent that a capital felony be committed, namely: intentionally and knowingly cause the death of an individual, namely: Sammy Michael Hoelscher, by employing another, namely: Donald Ray Spivey, to commit said murder for remuneration and the promise of remuneration, namely: lawful United States currency, and the defendant intentionally and knowingly requested, commanded and attempted to induce another, namely: Donald Ray Spivey, to engage in specific conduct, namely: the murder of Sammy Michael Hoelscher, that, under the circumstances surrounding *the defendant's conduct* as the defendant believed them to be, would constitute the aforesaid capital felony and make the said Donald Ray Spivey a party to its commission....

(Emphasis added.) Appellant argues that the words "his conduct" in the solicitation statute refer to the circumstances surrounding the *solicitee's* conduct as the defendant believes them to be. The indictment, however, refers to the circumstances surrounding the *defendant's* conduct as the defendant believes them to be. I agree with appellant's assertion.

In *Hobbs,* the Court of Criminal Appeals approved an indictment that did not include the language found in the statute "under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission." In the present case, as in *Welch,* the State chose to allege the offense in the terms encompassed in the entire statute but erroneously alleged the offense in terms of the circumstances surrounding the *defendant's* conduct as the defendant believed them to be. Hence, the indictment fails to allege that the circumstances surrounding the solicitee's conduct, as believed by the defendant, should be considered. *See Majid v. State,* 713 S.W.2d 405, 407 (Tex.App.—El Paso 1986, pet. ref'd). In *Majid,* the indictment correctly named the solicitee, Harrison, in the included "under the circumstances" clause of the indictment. *Majid,* 713 S.W.2d at 407. I also note that the Midland County District Attorney must have considered the *Hobbs* language to be dicta. That District Attorney also opted for a form of indictment similar to that of the present case and *Welch* rather than the form approved in *Hobbs.* I note too that *Majid* does not cite *Hobbs* and that the petition for discretionary review was denied in *Majid.*

One of the purposes of an indictment is to invoke the jurisdiction of the trial court. In order to do so, the charging instrument must allege an offense against the defendant; otherwise, the trial court never acquires jurisdiction, and any conviction based on the indictment is null and void. *Thompson v. State,* 697 S.W.2d 413, 415 (Tex.Crim.App.1985). In the present case, the State has affirmatively alleged conduct that does not constitute an offense under the statute. I would hold that the indictment does not charge conduct that consti-

tutes an offense under the Texas Penal Code. *See TEX.PENAL CODE ANN.* § 1.03(a) (Vernon 1974). Thus, I would hold further that the indictment is fundamentally defective, and the conviction of solicitation of capital murder is void. *See American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex.Crim.App.1974), *appeal dismissed,* 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795 (1975). Consequently, I would sustain appellant's second point of error, reverse the trial court's judgment of conviction of solicitation of capital murder in cause number 05–87–01281–CR and order the indictment in that cause dismissed.