Fred Washington COLMAN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 52448, 52449 and 52450.

Court of Criminal Appeals of Texas.

Oct. 13, 1976.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Stewart Robinson, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

Three separate indictments were returned charging appellant with the offense of attempted capital murder. Appellant duly and properly waived a trial by jury and the three cases were heard in a single trial to the court. The appellant was found guilty in each case and his punishment was assessed at confinement for eighteen years. Appellant was represented upon the trial by retained counsel and upon appeal by court-appointed counsel. A single brief has been filed by appellant with a single response, and we will dispose of the three cases in one opinion.

On the evening of June 4, 1975, Dallas Police Officer J. L. Chandler, in uniform and patrolling in a well-marked police vehicle, was stopped at a traffic light when he looked to his left and saw appellant reach up on the dash of his automobile for a pistol which he then pointed at Chandler. Appellant then pulled around in front of Chandler and sped off with Chandler in pursuit. Chandler reported to the police dispatcher that he was attempting to arrest appellant and was joined in the chase by Officers T. L. Graves, Dan Cain, and Gary Jones, each of whom was driving or riding in a well-marked police vehicle and each was in uniform.

Each of the latter three officers testified that appellant fired his pistol at him one or more times during the pursuit, but not one was hit by any bullet. Appellant eventually stopped his vehicle, got out, and ran with Officer Graves in pursuit. Finally, after considerable struggle, appellant was subdued, handcuffed, and taken to the police station under arrest. Each of the officers was positive in his identification of appellant and he did not offer any factual defense through his own testimony or otherwise. Indeed, the only defense shown by the record was the defense of insanity which was rejected factually by the judge hearing the case.

In his first six grounds of error, appellant complains of the sufficiency of the indictments. As the three indictments are virtually identical, a quotation from that involving Officer Graves [our No. 52,-450] will suffice to illustrate the complaint as to all of the cases. The indictment, as pertinent to the complaint, reads:

". . . then and there, with the specific intent to commit the offense of capital murder, attempt to cause the death of Terry L. Graves, hereinafter called complainant, by shooting the said Terry L. Graves with a pistol and the said complainant was a peace officer then and

there acting in the lawful discharge of an official duty to-wit: attempting to arrest said defendant and the said defendant then and there knew the said complainant to be a peace officer."

Appellant did not file a motion to quash any of the indictments and the complaint is made for the first time upon appeal. Citing V.T.C.A., Penal Code, Sec. 15.01(a), and *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974), appellant contends that the omission of the phrase "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended" renders the above indictment fundamentally ineffective.

We restate the argument in counsel's own words:

"It is an element of the offense of criminal attempt that the actor do an act which amounts to more than mere preparation.

"The indictment in the pending cause alleges an act (i. e. 'shooting') but fails to allege that such act is one that is beyond mere preparation. It was part of the burden of proof for the State to establish that the act committed was beyond mere preparation."

V.T.C.A., Penal Code, Sec. 15.01(a), reads:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

We quote the definition of murder and capital murder in the margin,[1] noting that the indictment contains all the necessary allegations to charge capital murder if appellant had been a better marksman on the night in question.[2]

In *Green v. State*, 533 S.W.2d 769, 770 (Tex.Cr.App.1976), this Court noted that the

function of a motion to quash the indictment was "to call the trial court's attention to a defect in the indictment that is not obvious on its face." It is apparent from the evidence introduced (which stands without dispute or contradiction) that appellant had acquired a pistol and shells; that he had this loaded weapon upon the dash of his vehicle where it was readily available for his use in killing or wounding persons when he so determined to use it.

Although dissenting, Judge Onion in *Green v. State*, supra, had occasion to discuss the provisions of V.T.C.A., Penal Code, Sec. 15.01(a), and his comments are persuasive in the present case. This is the language used:

"Under this statute the elements necessary to establish an offense are: (1) a person (an actor), (2) with specific intent to commit an offense, (3) does an act (amounting to more than mere preparation), (4) that tends, but fails, to effect the commission of the offense intended. See 1 Branch's Ann.P.C., 3rd ed., p. 634."

Under the old 1925 version of the Penal Code, the intent to kill could be inferred from the use of a deadly weapon; and, since a pistol is a deadly weapon per se, proof of the use of a pistol in shooting at another person was sufficient to support a conviction of assault with intent to murder under the statute, Article 1160. See *Thompson v. State*, 521 S.W.2d 621, 622 (Tex.Cr.App.1974), and cases therein cited. See also, *Garcia v. State*, 541 S.W.2d 428 (Tex.Cr.App.1976), 1 T.C.R. 642.

In the absence of a motion to quash the indictment, no error is shown. *American Plant Food Corporation v. State*, supra. The first six grounds of error are overruled.

■ We will discuss appellant's seventh and eighth grounds of error together. In the seventh ground of error, appellant con-

---

**1.** V.T.C.A., Penal Code, Sec. 19.02(a): "A person commits an offense if he: (1) intentionally or knowingly causes the death of an individual."

**2.** Capital murder is defined in V.T.C.A., Penal Code, Sec. 19.03(a): "A person commits an

offense if he commits murder as defined under Section 19.02(a)(1) of this code and: (1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman."

tends that the evidence is insufficient to support the conviction of attempting to commit the capital murder of Terry L. Graves, our No. 52,450. The eighth ground of error urges a similar complaint as to Gary Jones, our No. 52,448. In each instance, appellant argues that there is a fatal variance between the indictment which alleged that appellant *shot* Graves (or Jones, as the case may be) when the evidence showed that he only *shot at* the officer, completely missing him in each instance.

The undisputed testimony showed that as Graves' patrol car was pursuing appellant's vehicle, appellant turned around, aimed his pistol at Graves, and fired a shot which struck the hood of Graves' vehicle but did not strike his person. A second shot was fired at Graves but it did not hit the officer. Similarly, the testimony showed beyond a question of doubt that while appellant shot *at* Officer Jones, he did not succeed in having the bullet strike Jones' body.

Appellant's argument contrasts the language of the indictments in our No. 52,448, involving Jones, and No. 52,450, involving Graves, with the language used in the indictment in our No. 52,449, involving Dan Cain. As noted earlier, in the indictments involving Jones and Graves, it is charged that appellant did attempt to cause the death of the named officer "by shooting the said" officer with a pistol. Unaccountably, in the indictment involving Dan Cain, the charge is that appellant attempted to cause the death of the said officer "by shooting a pistol *at* Danny Max Cain." (emphasis supplied)

We are not impressed by this ingenious but sophisticated argument. A similar complaint was made in *Williams v. State*, 449 S.W.2d 271, 272 (Tex.Cr.App.1969), where the Court stated the problem in this manner:

"The first ground of error is that there is a fatal variance between the indictment which alleged that the appellant, with malice, *shot* Pat Gooden with a pistol with the intent to murder him and the evidence which fails to show that he shot him."

The late Judge Belcher then recounted the evidence which showed that the defendant had entered the tavern with a pistol in his hand and his finger on the trigger; that he pointed the pistol at Gooden's head while standing at the table where Gooden was sitting, and when Gooden struck his hand the pistol fired. Gooden then jumped up and the parties grappled over the pistol which snapped several times. In disposing of the contention, the Court held the evidence to be sufficient to sustain the conviction of the offense of assault with intent to murder with malice, saying:

"The first ground of error is overruled. 4 Branch 2d 168, Sec. 1797; *Carr v. State*, 41 Tex. 543, 547; *McIntire v. State*, 105 Tex.Cr.R. 403, 289 S.W. 48; *Perez v. State*, 114 Tex.Cr.R. 473, 22 S.W.2d 309."

In *Carr v. State*, 41 Tex. 543, 546–547 (1874), cited in *Williams v. State*, supra, we find this language:

"The indictment in effect charges the defendant with having shot John Dickson with a pistol, with intent to murder him. The word 'assault' is not in the indictment. *The evidence shows beyond a question that Carr shot at Dickson and missed him.* This raises the question, Does the proof sustain the allegations in the indictment, so far as it is necessary to make the conviction legal?"

Having searched "in vain in the books of forms for such an indictment for the offense attempted to be charged", Chief Justice Roberts resorted to "first principles" and concluded that "the act of shooting Dixon, as alleged, includes the act of assaulting him, as proved."

So it is in this case, and, so holding, the seventh and eighth grounds of error are overruled.

We have also carefully reviewed appellant's pro se brief filed in this court and, finding no error disclosed by such examination and review, each ground therein is overruled.

Finally, we adopt Chief Justice Roberts' comments in *Carr v. State*, supra, as applicable to the case at bar:

"Notwithstanding the proceedings may not be altogether so formal and regular as the facts of the case are plain, we find no substantial error which requires a reversal of the conviction."

Judgment affirmed.

Approved by the Court.