Johnny Robert WINDHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 115–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 15, 1982.

Ed Paynter, Abilene, for appellant.

Patricia A. Elliott, Dist. Atty., and John W. Kennedy, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

ODOM, Judge.

Respondent was convicted for attempted murder and the jury assessed punishment, enhanced by two prior felony convictions, at imprisonment for life. On appeal the Court of Appeals for the 11th Supreme Judicial District held that the evidence was insufficient to support the conviction for attempted murder. *Windham v. State,* Tex.App., 627 S.W.2d 505. The petition for review was granted to consider the State's contention that there was no fatal variance between the allegations in the indictment, to-wit:

> "that on or about the 20th day of September, A.D. 1980 ... Johnny Robert Windham did then and there unlawfully, intentionally and knowingly, attempt to cause the death of an individual namely Janis Andrews, *by shooting at her with a gun ...*" (Emphasis added.)

and the evidence presented at trial.

The record reflects a gun was pointed at Janis Andrews, the trigger was pulled, and the gun clicked. Nowhere in the record does the evidence show that the gun was fired. The Court of Appeals correctly points out that the definition of shoot requires some projectile being discharged. The record shows no shooting as alleged in the indictment.

■ The elements of a criminal attempt are: (1) a person (2) with specific intent to commit an offense (murder) (3) does an act amounting to more than mere preparation (4) that tends but fails to effect the commission of the offense intended. *Baldwin v. State,* Tex.Cr.App., 538 S.W.2d 615; *Colman v. State,* Tex.Cr.App., 542 S.W.2d 144; *Whitlow v. State,* Tex.Cr.App., 609 S.W.2d 808. A brief review of the above quoted indictment reflects that all these elements are present. Here, the phrase "by shooting at her with a gun" is the allegation of the act amounting to more than mere preparation. Therefore, the "shooting" is the allegation of an element and must be proven. While unnecessary

words or allegations in an indictment, information or complaint may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of the indictment, Art. 28.10, V.A.C.C.P.; *Burrell v. State,* Tex.Cr.App., 526 S.W.2d 799, 802, that is not the situation here.

■ The necessity of the shooting phrase is not at issue. It is descriptive of the act which must be alleged and proven and is not an "overcharge" as the State contends. Here the act is shooting. In its brief before this Court, the State argues that pointing a gun at someone and pulling the trigger without a discharge is "shooting" for the purpose of attempted murder. We do not agree. The State has the burden of proving the allegation in the indictment that the gun was actually shot. The State has failed to prove that the gun was fired. Therefore there is a fatal variance between what was pled and what was proven by the State.

The State argues this decision is in conflict with *Williams v. State,* Tex.Cr.App., 449 S.W.2d 271; *Dovalina v. State,* Tex.Cr.App., 564 S.W.2d 378, and *Colman v. State,* Tex.Cr.App., 542 S.W.2d 144. *Williams v. State,* supra was not a prosecution for criminal attempt. *Dovalina* and *Colman,* on the other hand, in discussing the sufficiency of the evidence ignored the fact that the elements of criminal attempt require allegation and proof of an act amounting to more than mere preparation that tends but fails to effect commission of the offense intended. In so doing, those decisions erroneously placed unwarranted reliance on the rule followed in *Williams v. State,* supra, and earlier *assault* cases under the *prior* penal code. To the extent of conflict *Dovalina* and *Colman* are overruled.

The State is correct in its statement that *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) stand for the proposition that a reversal based on insufficient evidence operates to acquit the defendant of the offense for which he is tried. As in the present case there is insufficient evidence to support what was alleged in the indict-

ment, i.e. "shooting." The evidence must show that a shot was fired as alleged. Under the evidence presented, the only verdict the jury properly could have returned was an acquittal. Therefore the Court of Appeals was correct in ordering the judgment reformed to show an acquittal. *Cox v. State,* Tex.Cr.App., 608 S.W.2d 219; *Herrera v. State,* Tex.Cr.App., 623 S.W.2d 940.

The judgment of the Court of Appeals is affirmed.

TEAGUE, J., concurs.

DALLY, W. C. DAVIS and McCORMICK, JJ., dissent.