John Joseph YALCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 398–86.

Court of Criminal Appeals of Texas, En Banc.

Jan. 20, 1988.

R.O. Harris, Killeen, Bob D. Odom, Temple, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury for the offense of attempted capital murder. See V.T.C.A. Penal Code, Sec. 15.01, 19.03(a). Punishment was assessed by the jury at 20 years imprisonment in the Texas Department of Corrections. Appellant contended and the Court of Appeals, 3rd Supreme Judicial District, found, in an unpublished opinion, that there was a fatal variance between the allegations in the indictment and the proof at trial. *Yalch v. State*, No. 3-85-189-CR (Tex.App.—Austin, delivered March 5, 1986). The Court of Appeals based its finding on this Court's decision in *Danford v. State*, 653 S.W.2d 436 (Tex.Cr. App.1983). We granted the State's Petition for Discretionary Review to review the holding in *Danford*, supra. We will reverse the judgment of the Court of Appeals and remand the case for consideration of appellant's other points of error.

The evidence at trial established that on June 3, 1984, appellant fired three or four gunshots at Killeen police officer Alan Ray Rogers but none of the bullets hit Officer Rogers. The indictment alleged that appellant:

"did then and there with the specific intent to commit the offense of capital murder, did then and there intentionally and knowingly attempt to cause the death of Alan Ray Rogers by then and there shooting him with a gun, and the said Alan Ray Rogers was then and there a peace officer acting in the lawful discharge of an official duty and the said John Joseph Yalch then and there knew that the said Alan Ray Rogers was a peace officer,...."

The Court of Appeals, relying on *Danford*, supra, found a fatal variance between the indictment, which alleged that appellant attempted to kill Officer Rogers by *shooting* him with a gun, and the evidence at trial, which showed that appellant fired three or four shots *at* the officer. *Yalch*, supra, opinion at p. 2 (emphasis added). The Court of Appeals also noted that the evidence at trial was sufficient to prove attempted capital murder but that the *Danford* holding required a reversal of appellant's conviction. *Id.*

In *Danford*, supra, we held the evidence was fatally at variance with the indictment, where the indictment alleged that the defendant attempted to kill the complainant by shooting him with a gun, and the evidence showed only that the defendant fired five shots at the complainant, who was unharmed. The *Danford* opinion was based solely upon this Court's holding in *Windham v. State*, 638 S.W.2d 486 (Tex. Cr.App.1982). See *Danford*, supra, at 437. The State argues that *Windham*, supra, did not compel the holding in *Danford*, supra, and, therefore, *Danford*, supra, is incorrect. We agree.

In *Windham*, supra, the indictment alleged that the defendant attempted to cause the death of an individual "by shooting at her with a gun." At trial, the State proved only that the defendant pulled the trigger on the gun but the gun failed to fire. Thus the State failed to prove that a "shooting" occurred. This Court agreed with the court of appeals that the definition of "shoot" required that some projectile be discharged. Since the State failed to prove that the gun had been fired, a fatal vari-

ance existed between what was pled and what was proven by the State. The import of *Windham,* supra, is, therefore, that if the State pleads "shooting" then the State must show a gun was actually fired, i.e., a projectile was discharged.

We find that the holding in *Windham,* supra, does not compel the decision in *Danford,* supra, and that these two cases are distinguishable. The issue in *Windham,* supra, was whether the defendant actually fired the gun. Evidence that the defendant actually fired the gun was essential to prove the offense of attempted murder in *Windham,* supra, because the shooting was the "act amounting to more than mere preparation that tends but fails to effect commission of the offense intended." See Sec. 15.01, supra. In *Danford,* supra, this Court relied upon the lack of *harm* to the victim as its basis for finding a fatal variance between the indictment and the proof at trial. See *Danford,* supra. This reliance is misplaced; the harm, or lack of it, to the victim is not an element of the offense of attempted murder and, therefore, need not be proven at trial.

The elements of a criminal attempt are: (1) a person (2) with specific intent to commit an offense (3) does an act amounting to more than mere preparation (4) that tends but fails to effect the commission of the offense intended. Sec. 15.01, supra. The opinion in *Windham,* supra, overruled to the extent of conflict two prior cases which held evidence that the defendant shot *at* police officers was sufficient to sustain a conviction for attempted capital murder. See *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978), and *Colman v. State* 542 S.W.2d 144 (Tex.Cr.App.1976). This Court stated in *Windham,* supra, that the decisions in *Colman,* supra, and *Dovalina,* supra, failed to recognize that the elements of criminal attempt require allegation of and proof of an act amounting to more than mere preparation that tends but fails to effect commission of the offense intended. Such an analysis of those cases is incorrect.

*Colman,* supra, and *Dovalina,* supra, focused on the act of shooting vis-a-vis attempt and stated, in effect, that the allegation "shot" only requires the discharge of a weapon and does not require the impact of a projectile upon the victim. See *Colman,* supra, at page 147 citing as examples: *Williams v. State,* 449 S.W.2d 271 (Tex.Cr. App.1969) (distinguished in *Windham,* supra, as not being an attempt case), and *Carr v. State,* 41 Tex. 543 (1874). Thus, the import of the cases "overruled to the extent of conflict" in *Windham,* supra, is that an allegation of "shot" requires only that a projective be discharged.

In the present cause, the act amounting to more than mere preparation alleged in the indictment was shooting Officer Rogers. The State proved at trial that appellant fired his gun three or four times at Officer Rogers. This evidence is sufficient to prove "shooting" as defined in *Windham,* supra *Colman,* supra, and *Dovalina,* supra. Whether the victim is struck by the bullet is merely descriptive of the *result* of the act which amounts to more than mere preparation.

Accordingly, we find no variance between the indictment and the proof at trial. The judgment of the Court of Appeals is reversed, and this cause is remanded to that court for consideration of appellant's other points of error.

CLINTON and TEAGUE, JJ., dissent.