Anthony Dwight GRAVES, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–00979–CR.

Court of Appeals of Texas,
Dallas.

Nov. 21, 1989.

Russ Henrichs, Dallas, for appellant.

Yolanda M. Joosten, Dallas, for appellee.

Before STEWART, LAGARDE and BURNETT, JJ.

## OPINION

LAGARDE, Justice.

Anthony Dwight Graves appeals his conviction for the offense of attempted murder. The court assessed punishment at twenty-one years' imprisonment and a $1,000 fine. In his single point of error, appellant contends that the evidence is insufficient to prove each allegation of the indictment. We disagree and affirm the conviction.

The complainant, Velonda Harris, testified that for four to five years she and appellant had maintained a personal relationship which had resulted in the birth of two children. During the dates relevant to this appeal, complainant and her children lived with complainant's parents. On May 14, 1988, complainant and appellant argued over the children, and appellant made threats against her life. A struggle ensued during which appellant cut complainant's hands with a knife. Complainant's father intervened, and appellant fled. Complainant then called the police and reported the incident.[1] Four days later, appellant approached complainant at a bus stop and stated that she had caused him problems by reporting that he had cut her. He then left without incident. Later, on May 20, 1988, appellant again met complainant at the bus stop. She boarded the bus and refused to talk with him. Al-

---

1. Appellant was found guilty of misdemeanor assault in connection with the knife incident; he does not appeal that conviction.

**6**

though appellant did not follow complainant onto the bus, he and the bus driver exchanged hostile words because appellant mistakenly believed that the driver and complainant were dating each other.

Complainant testified that as the bus left the stop, appellant ran toward the bus and said, "I'm going to get you." About five minutes later, at another stop, one of the passengers saw appellant approaching the bus carrying a handgun. The passenger testified that he saw appellant standing outside the bus pointing the gun directly at the back of complainant's head as she sat behind the bus driver. The passenger alerted complainant, who ducked and fell to the floor. Complainant testified that she heard three shots and breaking glass. She identified several photographs of the bus interior and stated that they accurately depicted three bullet holes in the bus window where the back of her head had been before she ducked. Complainant stated that appellant had seen her sitting in that seat at the previous stop. None of the shots fired resulted in physical injury to the complainant.

Appellant admitted firing the shots, but stated that he only wanted to scare complainant and the bus driver. He said that he did not intend to hit anyone when he began firing. Appellant stated that complainant sat toward the back of the bus, and not at the front where the bullets broke the window. He testified that he believed that the bus driver had a gun and so appellant fired to defend himself. He also stated that he aimed the first shot at the bus tire and that the other three shots occurred when the gun went off by itself.

Appellant contends that the evidence is insufficient to prove each allegation of the indictment. The indictment reads, in pertinent part:

> [that appellant] did unlawfully, then and there, with the specific intent to commit the offense of murder, attempt to cause the death of VELONDA HARRIS, an individual, by knowingly and intentionally shooting said VELONDA HARRIS

with a firearm, a deadly weapon; said act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended.

Appellant asserts that the evidence is insufficient to support a finding that appellant specifically intended to murder complainant.

■ The Texas Penal Code sets out the components of a criminal attempt. "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX.PENAL CODE ANN. § 15.01(a) (Vernon 1974).[2] The words "with specific intent to commit an offense" mean that the accused must intend to bring about the desired result which, in the case of attempted murder, is the death of an individual. *Flanagan v. State*, 675 S.W.2d 734, 741 (Tex.Crim.App. 1984). To be convicted of attempted murder, the evidence must show that the accused had the specific intent to kill. *Id.*

On appeal, the standard used in determining sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988); *Beardsley v. State*, 738 S.W.2d 681, 683 (Tex.Crim.App.1987). When determining sufficiency, direct and circumstantial evidence fall under the same standard of review. *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983). Specific intent to kill may be inferred from the use of a gun, which the penal code defines as a deadly weapon.[3] *Godsey v. State*, 719 S.W.2d 578, 580 (Tex.Crim.App.1986). Further, a deadly weapon used in a deadly manner almost conclusively supports the inference that the accused intended to kill. *Id. at 581.* The offense of attempted murder does not require actual physical harm to the intended

---

**2.** All code references are to the Texas Penal Code.

**3.** TEX PENAL CODE ANN. § 1.07(a)(11)(B).

victim to support a finding of specific intent. *Moreno,* 755 S.W.2d at 869.

■ Appellant denies possessing the requisite intent at the time of the offense; however, circumstantial evidence indicates that specific intent existed. In this case, appellant admitted firing the deadly weapon. Complainant testified that appellant could see that she had chosen a seat at the front of the bus. Another passenger on the bus stated that he saw appellant point the gun directly at the back of complainant's head. Complainant identified a photograph of a bus window showing three bullet holes and stated that she had been sitting at that window before she ducked. Appellant's deliberate aiming and firing of the gun constitutes use of a gun in a deadly manner. We conclude that a rational trier of fact could have found specific intent to kill based on appellant's displaying, aiming, and firing the gun at complainant's window.

■ Appellant also asserts that, while the evidence does raise the issue of whether he intended to shoot *at* the complainant, no evidence supports the allegation that he actually shot and wounded complainant. The indictment states that appellant "attempted to cause the death of [complainant] ... by knowingly and intentionally shooting said [complainant]...." Appellant argues that this wording alleges that he actually caused bullets to come in contact with complainant. It is undisputed that complainant suffered no gunshot wounds. Variance between allegations and proof can render evidence insufficient to sustain a conviction. *Wray v. State,* 711 S.W.2d 631, 633 (Tex.Crim.App.1986). Therefore, if the indictment in this case constructively alleges that appellant wounded complainant by shooting her, but no evidence supports a wounding, then this Court could not uphold appellant's conviction. We do not reach this result because we do not read the indictment as alleging that complainant received gunshot wounds.

We hold that no variance exists between the allegations and the proof.

Certainly, appellant fired the gun. The phrase "by knowingly and intentionally shooting" stands as an essential element of criminal attempt showing an act amounting to more than mere preparation. *See Windham v. State,* 638 S.W.2d 486, 487 (Tex. Crim.App.1982). Shooting requires that the gun actually be fired. *Id.* (holding that pulling the trigger without discharging a projectile does not qualify as shooting). *Windham* overruled two earlier attempted capital murder cases to the extent that they presented conflict. *Id.* The two cases, *Colman v. State* and *Dovalina v. State,* both involved situations where appellant shot at, but did not wound, a police officer. *Dovalina v. State,* 564 S.W.2d 378 (Tex.Crim.App.1978); *Colman v. State,* 542 S.W.2d 144 (Tex.Crim.App. 1976). In *Colman,* the pertinent portion of the indictment alleged that the appellant "[did] attempt to cause the death of [complainant] by shooting [complainant]." The appellant argued that the indictment and the evidence fatally varied because the indictment alleged *shot* and the evidence proved *shot at, but missed.* The Court overruled appellant's point of error and stated, "[w]e are not impressed by this ingenious but sophisticated argument." *Colman,* 542 S.W.2d at 147. In *Dovalina,* the appellant made the same argument with the same result. *Dovalina,* 564 S.W.2d at 383.

After some confusion about whether *Windham* overruled *Dovalina* and *Colman* regarding "shoot" and "shoot at,"[4] the Court of Criminal Appeals recently addressed the issue in *Yalch v. State,* 743 S.W.2d 231, 232 (Tex.Crim.App.1988). In *Yalch,* the facts and the indictment were similar to those in *Dovalina* and *Colman.* The Court noted that, under *Windham,* if the State pled "shooting" then the State must prove that the gun fired to show an act amounting to more than mere preparation—an actual attempt. *Id.* at 233. We

---

**4.** *See Danford v. State,* 653 S.W.2d 436, 437 (Tex.Crim.App.1983). (This case held that *Windham* dictated that an indictment alleging "shoot" fatally varied with proof that showed only that the appellant "shot at" the unharmed complainant). In *Yalch* the Court of Criminal Appeals held that *Danford* was "incorrect." *Yalch,* 743 S.W.2d at 232.

read *Windham* as overruling *Colman* and *Dovalina* only to the extent that shooting requires that the gun discharge some projectile. *See id.* *Yalch* held that when the State proved that the appellant fired his gun at the complainant, the evidence supported a "shooting" under the holdings in *Windham, Colman,* and *Dovalina.* *Id.* The court noted that whether the bullet strikes the victim only describes the result of an attempt or an act which amounts to more than mere preparation. *Id.* The Court held that no variance existed between the indictment and the proof at trial. *Id.*

In this case, the evidence shows that appellant aimed his gun at complainant and fired (*i.e.,* projectiles were discharged), but that complainant was not injured. Based on the holdings in *Yalch, Windham, Dovalina,* and *Colman,* we hold that a "shooting" occurred and that the indictment does not fatally vary from the evidence presented at trial. Appellant's point of error is overruled, and the judgment of the trial court is affirmed.