•           •           • 
 • • •






MEMORANDUM OPINION

No. 04-09-00018-CR

Antonio MARQUEZ a/k/a Tony Marquez,
Appellant

v.

The STATE of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B08-422
Honorable Emil Karl Prohl, Judge Presiding
 
Opinion by:    Catherine Stone, Chief Justice
 
Sitting:            Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice
 
Delivered and Filed: November 4, 2009        

AFFIRMED IN PART; VACATED IN PART; AND REMANDED
            Antonio Marquez was convicted of attempted murder. On appeal, Marquez claims: (1) the
evidence is factually insufficient to sustain a conviction for attempted murder; and (2) his sentence
is illegal because it is outside the maximum range of punishment authorized by law. We affirm the
trial court’s judgment of conviction and remand to the trial court for a new sentencing hearing.
 
Background
            The Bandidos Motorcycle Club is recognized by various law enforcement organizations as
a criminally organized motorcycle gang. Marquez is a member of the Kerrville, Texas chapter of
the Bandidos Motorcycle Club and served as the local chapter’s vice president and sergeant of arms. 
Marquez regularly stayed at the Bandidos’s clubhouse, and he was there on the morning of February
24, 2007, when an unidentified man appeared at the clubhouse carrying a knife. 
            After Marquez disarmed the man, Marquez began to fight with him outside the Bandidos’s
clubhouse. Marquez readily defeated the individual, but nevertheless decided to retrieve his pistol
from inside the clubhouse. He proceeded to fire several shots at the individual as the unidentified
man attempted to run from him. 
            Officers from the Kerrville Police Department arrived at the scene and found empty shell
casings for a .45 caliber pistol outside the Bandidos’s clubhouse as well as a loaded .45 caliber Para-Ordnance pistol inside the clubhouse. Although the officers were unable to locate the shooting
victim or establish his identity, Marquez was subsequently arrested and indicted for the attempted
murder of the individual seen running from the clubhouse.


 
            Marquez pleaded not guilty and the case was set for trial before a jury. At trial, the jury heard
the testimony of several witnesses, including an officer from the Texas Department of Public Safety,
several officers from the Kerrville Police Department, and two eyewitnesses. Marquez did not
testify at trial. 
            Texas Department of Public Safety Officer Brian Vaughn testified his organization considers
the Bandidos Motorcycle Club a “criminal[ly] organized motorcycle gang.” Vaughn stated he
interviewed Marquez following his arrest and confirmed Marquez is the sergeant of arms and vice
president of the Kerrville chapter of the Bandidos Motorcycle Club. He also learned that an
individual came to the Bandidos’s clubhouse on the morning of the shooting looking for drugs. 
Marquez reported to Officer Vaughn the individual was carrying a steak knife and shot a look at
Marquez that made him uncomfortable. Marquez threw the individual’s knife into the clubhouse
and began to fight with the individual. Despite being defeated by Marquez, the individual
purportedly “wanted a little bit more” from Marquez. Marquez told Officer Vaughn he intended to
“finish it” so he retrieved his .45 caliber pistol from the clubhouse to shoot the individual “point
blank.” When Marquez tried to shoot the firearm, however, it allegedly would not fire because the
magazine had fallen out. Marquez further told Officer Vaughn that by the time he could retrieve
another magazine from the clubhouse, the unidentified individual was gone. 
            James Hale, a local resident, lives next door to the Bandidos’s clubhouse. Hale testified he
observed Marquez and an unknown individual fighting in the street. After the fight ended, Hale saw
Marquez return to the Bandidos’s clubhouse while the unidentified man attempted to run from the
clubhouse. According to Hale, it was at this time he heard two gun shots and called 911. Hale
testified he did not see who had fired the shots.
            Jason Doss, who was working at a nearby bar at the time of the shooting, testified he
observed an unknown individual running away from Marquez, who was holding a pistol. Doss
stated he witnessed Marquez fire at least two shots at the individual. He testified “the guy that was
running away . . . [acted] as if he had been hit.”
            Officer Scott Gaige of the Kerrville Police Department testified he was dispatched to the
Bandidos’s clubhouse in response to a “shots-fired call.” Gaige arrived at the Bandidos’s clubhouse
and observed Marquez and another club member, Joseph Cunningham, looking for something on
the ground outside the clubhouse. Gaige further observed something protruding from Marquez’s
waistband. Gaige immediately confronted Marquez and Cunningham, and he ordered them to get
on the ground. Cunningham complied with Gaige’s command, but Marquez kept his hands on his
waistband and ran back inside the Bandidos’s clubhouse.


 Marquez emerged from the clubhouse
a short time later without the bulge in his waistband and was taken into custody by police. Officer
Gaige noted that empty .45 caliber shell casings were found close to where he first observed
Marquez and Cunningham. 
            Officer Matthew Cotts of the Kerrville Police Department also testified at trial. Cotts
testified he heard two gun shots on the morning in question as he was standing outside the police
station. Although Cotts was not officially dispatched to investigate the shots-fired call, he
nevertheless proceeded to the Bandidos’s clubhouse to assist his fellow officers. Cotts stated he
attempted to locate the shooting victim after he reached the crime scene, but was unsuccessful in
locating him. He further testified officers discovered two empty shell casings outside the Bandidos’s
clubhouse.
            Lastly, Officer Jonathan Lamb of the Kerrville Police Department testified he was the
evidence technician responsible for processing the crime scene. He stated he found pieces of a
necklace laying outside the Bandidos’s clubhouse as well as two empty shell casings from a .45
caliber pistol. Lamb testified there was a .45 caliber Para-Ordnance pistol laying on a counter of the
clubhouse when he assessed the crime scene. He reported the firearm had its safety disengaged and
hammer cocked, and was loaded with 11 live rounds of ammunition. According to Lamb, a .45
caliber Para-Ordnance pistol is capable of holding 13 rounds of ammunition when fully loaded. 
Lamb further explained officers located only one magazine for the .45 caliber Para-Ordnance pistol
during their search of the crime scene area — the one inside the firearm itself. Lamb also noted
officers discovered a box of .45 caliber ammunition inside the clubhouse as well as a steak knife
laying by the front door. Lamb stated he believed the two empty shell casings found outside the
clubhouse matched the ammunition located inside the clubhouse.
            After hearing all the evidence, the jury found Marquez guilty of attempted murder. The jury
assessed Marquez’s punishment at 25 years confinement, and this appeal followed. 
Sufficiency of the Evidence
            Marquez claims there is factually insufficient evidence to support his conviction. In
reviewing the factual sufficiency of the evidence, we look at the evidence in a neutral light giving
almost complete deference to the jury’s determinations of credibility. Lancon v. State, 253 S.W.3d
699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict is so weak
that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict
is outweighed by the great weight and preponderance of the available evidence. Watson v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2006). We may not substitute our judgment for that of the
jury under a factual sufficiency review. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). 
            The Texas Penal Code sets out the elements for a criminal attempt: “A person commits an
offense if, with specific intent to commit an offense, he does an act amounting to more than mere
preparation that tends but fails to effect the commission of the offense intended.” Tex. Penal Code
Ann. § 15.01(a) (Vernon 2003). The phrase “with specific intent to commit an offense” means the
accused must intend to bring about the desired result which, in the case of attempted murder, is the
death of an individual. Flanagan v. State, 675 S.W.2d 734, 741 (Tex. Crim. App. 1984). Thus, the
evidence must show the accused had the specific intent to kill to be convicted of attempted murder.
Id. 
             A defendant’s intent to commit an offense “may be inferred from [his] acts, words and
conduct.” Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). The jury may infer
a specific intent to kill from the use of a firearm, a deadly weapon. Graves v. State, 782 S.W.2d 5,
6 (Tex. App.—Dallas 1989, pet. ref’d). “[A] deadly weapon used in a deadly manner almost
conclusively supports the inference that the accused intended to kill.” Id. 
            In establishing its case, the State elicited substantial evidence demonstrating Marquez is
guilty of attempted murder. The record shows the jury heard Marquez was observed firing at least
two shots from a pistol at an unknown individual on the morning in question. The jury heard the
unidentified individual acted “as if he had been hit” after Marquez fired his weapon. Besides hearing
the testimony of an eyewitness concerning Marquez’s attempt on the unidentified individual’s life,
the jury heard testimony suggesting Marquez had a bulge in his waistband when officers arrived at
the crime scene. When Marquez saw officers, he grabbed his waistband and ran inside the
Bandidos’s clubhouse. The record shows that when Marquez emerged from the clubhouse, he no
longer had the bulge in his waistband and that a loaded .45 caliber pistol was found inside the
clubhouse. 
            The jury also heard testimony indicating the pistol found at the crime scene is capable of
holding 13 rounds of ammunition. When officers unloaded the weapon, however, it had only 11
rounds of ammunition in it. The record shows officers discovered two additional .45 caliber shell
casings outside the Bandidos’s clubhouse close to where Marquez and Cunningham were observed
by officers. The jury further heard that the empty shell casings found outside the clubhouse matched
ammunition found inside the clubhouse. 
            Marquez’s own statements to police following his arrest further support the jury’s verdict. 
Marquez reported to an officer after his arrest that an unidentified individual showed up at the
Bandidos’s clubhouse carrying a steak knife. Even though Marquez was able to disarm the
individual, he nevertheless decided to retrieve his pistol from inside the clubhouse when he felt the
man still “wanted a little bit more.” Marquez reported to the officer that he retrieved his pistol to
shoot the individual “point blank” and “finish it.” When all of the evidence is viewed in a neutral
light, we cannot say the jury’s findings are clearly wrong or manifestly unjust or that they are against
the great weight and preponderance of the evidence. 
            Marquez argues the evidence is factually insufficient because the State failed to prove the
following: (1) the identity of the person he allegedly tried to murder; (2) he actually shot and
wounded the unidentified individual; (3) he discharged the pistol in a deadly manner; and (4) the
pistol found by officers had actually fired any rounds of ammunition. First, there is no requirement
that the State prove the actual identity of an attempted murder victim to secure a conviction for
attempted murder. See Tex. Code Crim. Proc. Ann. art. 21.07 (Vernon 2009) (“When the name
of the person is unknown to the grand jury, that fact shall be stated . . . .”); Manrique v. State, 994
S.W.2d 640, 641-43 (Tex. Crim. App. 1999) (recognizing the State may prosecute a defendant for
attempted murder on a person or persons unknown to the grand jury). Second, “the offense of
attempted murder does not require actual physical harm to the intended victim to support a finding
of specific intent.” Graves, 782 S.W.2d at 6-7. In any event, the jury heard eyewitness testimony
from which it could conclude the victim was harmed. An eye witness testified the unidentified
individual acted “as if he had been hit” after Marquez fired his pistol. Third, the jury heard
testimony that Marquez deliberately aimed and fired two shots from a firearm at another individual. 
Such testimony refutes Marquez’s notion that the record is devoid of evidence showing he
discharged the pistol in a deadly manner. See id. at 7 (concluding appellant’s deliberate aiming and
firing of a gun at the complainant’s window constituted use of a firearm in a deadly manner). Lastly,
the jury heard circumstantial evidence suggesting the pistol found by officers fired several rounds
of ammunition. At the scene, officers recovered two empty shell casings of the same caliber as the
pistol seized by police and matching ammunition found inside the clubhouse. Moreover, the jury
heard testimony establishing the pistol found by officers is capable of holding 13 rounds of
ammunition, yet it had only 11 rounds in it when unloaded by police. From this testimony, it was
reasonable for the jury to infer that the gun recovered from inside the clubhouse was the same gun
Marquez used to shoot two rounds of ammunition at the unidentified individual. Marquez’s third
issue is therefore overruled.
Illegal Sentence
            Marquez further argues his sentence is illegal because it is outside the maximum range of
punishment authorized by law. Defendants have “an absolute and nonwaivable right to be sentenced
within the proper range of punishment established by the Legislature.” Speth v. State, 6 S.W.3d 530,
532-33 (Tex. Crim. App. 1999). “A sentence that is outside the maximum or minimum range of
punishment is unauthorized by law and therefore illegal.” Mizell v. State, 119 S.W.3d 804, 806 (Tex.
Crim. App. 2003). 
            Marquez was convicted of attempted murder, which is a second-degree felony.


 The
punishment range for such an offense is between 2 and 20 years. Tex. Penal Code Ann. § 12.33(a)
(Vernon 2003). The 25-year sentence assessed by the jury clearly falls outside the authorized range
of punishment set forth by the legislature and therefore constitutes an illegal sentence. See Mizell,
119 S.W.3d at 806. Because Marquez’s sentence is illegal, we must sustain his first and second
issues on appeal. 
Conclusion
            Under the circumstances presented, we must affirm the trial court’s judgment of conviction. 
However, due to Marquez’s illegal sentence, we must vacate the sentence imposed and remand the
cause to the trial court for a new sentencing hearing.


 
 
Catherine Stone, Chief Justice
DO NOT PUBLISH