# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### ON REMAND

---

### NO. 03-20-00138-CR

---

**Danielle Leigh Edwards, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. 18-217, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Danielle Leigh Edwards was convicted of the offense of injury to a child and sentenced to twelve years' imprisonment. *See* Tex. Penal Code §§ 12.33, 22.04. On appeal to this Court, Edwards asserted that the evidence presented at trial was insufficient to support her conviction. We affirmed the trial court's judgment of conviction. *Edwards v. State*, No. 03-20-00138-CR, 2021 WL 2692350 (Tex. App.—Austin July 1, 2021) (mem. op., not designated for publication) ("*Edwards I*"). Subsequently, Edwards appealed this Court's ruling, and the Court of Criminal Appeals determined that the evidence was insufficient, reversed this Court's judgment, and remanded the case to this Court for further proceedings. *Edwards v. State*, 666 S.W.3d 571 (Tex. Crim. App. 2023) ("*Edwards II*"). We will modify the trial court's

judgment of conviction, affirm it as modified in part, reverse in part, and remand for further proceedings.

## BACKGROUND

At the time relevant to this appeal, Edwards was living with her husband and was raising her approximately one-year-old daughter L.B. After the Department of Family and Protective Services ("Department") initiated an investigation involving Edwards, a hair sample from L.B. was subjected to drug testing, which revealed a positive result for the presence of cocaine as well as cocaine metabolites that are produced when cocaine is broken down in the body. As part of the Department's investigation, Edwards filled out and signed a form acknowledging that she had tested positive for cocaine and listing six days in the prior ten-day period in which she had used cocaine. Edwards was later charged with injury to a child for causing L.B. to suffer serious mental deficiency, impairment, or injury by allowing her to ingest cocaine.

At trial, the form mentioned above was admitted as an exhibit during a Department employee's testimony. In addition, a laboratory manager for the company that performed the drug testing on L.B.'s hair testified regarding those testing results. More specifically, the manager explained that the testing showed that L.B. had cocaine and metabolites of cocaine in her system. Regarding the amount of cocaine, the manager related that the testing instrument validates up to a maximum of 20,000 picograms of cocaine per milligram, that the results for cocaine were greater than 20,000 picograms, and that the actual number was over 37,000 picograms. The police officer who obtained an arrest warrant for Edwards in

2

response to these test results described the results as showing a concentration of cocaine "in extreme amounts."

Further, Edwards's husband related that although he and another adult lived in the home with Edwards and L.B., Edwards was L.B.'s primary caregiver and was nursing L.B. at the time of her arrest. Moreover, Edwards's husband denied consuming cocaine or giving L.B. cocaine. Additionally, the person who became L.B.'s guardian after L.B. was removed from Edwards's home testified that a doctor described L.B. as being small for her age, that L.B. was "clingy" and "fussy," and that testing performed on L.B. showed that she was not suffering any developmental delays at the time of the testing.

Finally, Bruce Jefferies testified that he owns a company that performs drug testing and that he regularly testifies at trials as an expert witness regarding drug testing and drug testing results. Jefferies discussed the drug testing results in this case, explaining that the presence of cocaine metabolites demonstrates that the body processed the cocaine. Further, Jeffries related that the result showing more than 20,000 picograms "shocked" him because of how high the number was and that the results were "indicative of an addict that's doing it all the time which is going to cause . . . withdrawals." Additionally, Jeffries said that cocaine attacks the nervous system and that the ingestion of the amount of cocaine in question could cause seizures, injure the right side of the heart, or result in physical and mental developmental delays.

The jury charge in this case instructed the jury that a person commits the offense of injury to a child "if she recklessly causes serious mental deficiency, impairment or injury" to a child. Regarding the allegations in this case, the charge instructed that the jury should only find Edwards guilty if it determined beyond a reasonable doubt that Edwards "did then and there recklessly cause serious mental deficiency, impairment or injury to [L.B.], a child 14 years of

3

age or younger, by allowing [L.B.] access to cocaine and [L.B.] was able to ingest the cocaine." After considering the evidence presented at trial, the jury found Edwards guilty of injury to a child. Edwards appealed the trial court's judgment of conviction, arguing that the evidence was insufficient to support her conviction because there was no evidence of any "mental deficiency, injury or impairment to L.B." *Edwards I*, 2021 WL 2692350, at \*2. After noting that the Penal Code does not define the phrase "serious mental deficiency, impairment, or injury," we referenced definitions for the relevant terms found in case law and in dictionaries. *Id.* After setting out these definitions, we went through the evidence summarized at trial and concluded that "the jury could have reasonably inferred that L.B. had ingested an amount of cocaine sufficient to make her addicted and that she experienced withdrawal symptoms after having been removed from Edwards's custody" and, therefore, that the evidence was "sufficient to establish that L.B. suffered from a serious mental deficiency, impairment, or injury." *Id.* at \*3.

On appeal, the Court of Criminal Appeals agreed that the Penal Code did not define "serious mental deficiency, impairment, or injury"; did not adopt the definitions for those words provided in other non-penal contexts; and explained that the jury was "free to apply any reasonable meanings for the ordinary statutory terms." *See Edwards II*, 666 S.W.3d at 575 & n.6. Next, the Court of Criminal Appeals referenced the evidence presented at trial, characterized the evidence as showing that "ingestion of cocaine *could* be harmful," and emphasized that no witness "testified that L.B. actually suffered from any of the[] theoretical side effects" of cocaine ingestion. *Id.* at 576. Accordingly, the Court of Criminal Appeals determined that "the State presented no evidence that the cocaine L.B. ingested caused her 'serious mental deficiency, impairment, or injury.'" *Id.* Similarly, the Court of Criminal Appeals rejected the idea that the jury could have "inferred the existence of serious mental

4

deficiency, impairment, or injury" from common knowledge regarding the nature of drug addiction and its harmful effects because jurors "would not have a common-sense understanding of precisely how drug addiction and withdrawals affect a child's development, cognitive functioning, or mental health." *Id.* For these reasons, the Court of Criminal Appeals determined that there was insufficient evidence to establish "the element that L.B. suffered serious mental deficiency, impairment, or injury"; reversed this Court's judgment; and remanded the case to allow this Court to address whether Edwards's "conviction could be reformed to some lesser-included offense." *Id.* at 577.

**STANDARD OF REVIEW AND GOVERNING LAW**

Lesser-included offenses are defined in article 37.09 of the Texas Code of Criminal Procedure, which explains that an offense is a lesser-included one in the following four circumstances:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. art. 37.09.

If an appellate court finds "the evidence insufficient to support an appellant's conviction for a greater-inclusive offense," the court must consider the following two questions

5

when "deciding whether to reform the judgment to reflect a conviction for a lesser-included offense": "1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense?" *Thornton v. State*, 425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014); *see Rabb v. State*, 483 S.W.3d 16, 21 (Tex. Crim. App. 2016). "If the answer to either of these questions is no, the court of appeals is not authorized to reform the judgment. But if the answers to both are yes, the court is authorized—indeed required—to avoid the 'unjust' result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense." *Thornton*, 425 S.W.3d at 300 (internal footnote omitted).

"Evidence is sufficient to support a criminal conviction if a rational jury could find each essential element of the offense beyond a reasonable doubt." *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In making this determination, "[w]e view the evidence in the light most favorable to the verdict and consider all of the admitted evidence, regardless of whether it was properly admitted." *Id.* "The jury is the sole judge of credibility and weight to be attached to the testimony of the witnesses." *Id.* "Juries can draw reasonable inferences from the evidence so long as each inference is supported by the evidence produced at trial," *id.*, and are "free to apply common sense, knowledge, and experience gained in the ordinary affairs of life in drawing reasonable inferences from the evidence," *Eustis v. State*, 191 S.W.3d 879, 884 (Tex. App.— Houston [14th Dist.] 2006, pet. ref'd). "When the record supports conflicting inferences, we

6

presume that the jury resolved the conflicts in favor of the verdict and defer to that determination." *Merritt v. State*, 368 S.W.3d 516, 525-26 (Tex. Crim. App. 2012).

Appellate courts must "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). Appellate courts also must bear in mind that "direct and circumstantial evidence are treated equally" and that "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor" and "can be sufficient" on its own "to establish guilt." *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). The evidence is legally insufficient if "the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense" or if "the evidence conclusively establishes a reasonable doubt." *Id.* at 107 (quoting *Jackson*, 443 U.S. at 320).

Under the terms of the Penal Code, a person commits the offense of injury to a child if she "intentionally, knowingly, recklessly, or with criminal negligence, by act . . . causes to a child . . . (1) serious bodily injury; (2) serious mental deficiency, impairment, or injury; or (3) bodily injury," and the term "child" under that provision means "a person 14 years of age or younger." Tex. Penal Code § 22.04. In this case, the indictment alleged that Edwards committed the offense of injury to a child by recklessly causing "serious mental deficiency, impairment, or injury" to her daughter L.B. by allowing L.B. to access and ingest cocaine when she was fourteen years old or younger. The jury charge included instructions consistent with these allegations.

## DISCUSSION

On remand, we must address whether Edwards's conviction should be reformed to a conviction for a lesser offense. To address this issue, we must determine if there is an offense that meets the two *Thornton* prongs. 425 S.W.3d at 299-300.

In addressing this issue, we have been unable to find an offense that requires "proof of the same . . . facts" as the charged offense. *See* Tex. Code Crim. Proc. art. 37.09(1); Tex. Penal Code § 22.04. Next, we consider whether there is an offense that otherwise qualifies as a lesser offense. *See* Tex. Code Crim. Proc. art. 37.09.

As a logical first step, we consider whether attempt to commit the charged offense qualifies as a lesser included offense in the present case. Attempt to commit an offense is an offense "one category lower than the offense attempted," which in this case would be a third-degree felony. Tex. Penal Code §§ 15.01(d), 22.04(e). Although the Code of Criminal Procedure directs that an offense is a lesser-included one if "it consists of an attempt to commit the charged offense," Tex. Code Crim. Proc. art. 37.09(4), the Court of Criminal Appeals has warned that attempt to commit a charged offense may not constitute a lesser-included offense of the charged offense when the mental state for the charged offense is, like here, a reckless one, *Rabb*, 483 S.W.3d at 22; *see also id.* (noting that "a jury does not 'necessarily find' guilt of attempt when it convicts on the completed offense"). This is so because the statute governing the offense of attempt explains that a person is guilty of attempting to commit a crime if she "does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended" "with *specific intent* to commit an offense." Tex. Penal Code § 15.01 (emphasis added); *see also Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App.

8

1988) (noting that statutes should be construed in manner giving effect to all laws and provisions bearing on same subject).

In this case, by finding that Edwards committed the offense of injury to a child by recklessly causing "serious mental deficiency, impairment, or injury" to her daughter L.B., the jury would not necessarily have found that she acted with specific intent. *See* Tex. Penal Code §§ 15.01(a), 22.04; *see also id.* § 6.03(a), (c) (explaining that person acts with intent "when it is his conscious objective or desire to engage in the conduct or cause the result" but that person acts recklessly "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur"); *Graves v. State*, 782 S.W.2d 5, 6 (Tex. App.—Dallas 1989, pet. ref'd) (explaining that words "'with specific intent to commit an offense' mean that the accused must intend to bring about the desired result"). Accordingly, as charged in this case, attempt to commit injury to a child is not a lesser included offense of injury to a child. *See* Tex. Penal Code §§ 15.01(a), 22.04.

Having determined that attempt to commit the offense of injury to a child is not a lesser-included offense of the charged offense, we now consider whether there are any other offenses that might qualify. In addition to the provision governing the charged offense of injury to a child, the Chapter of the Penal Code governing assaultive offenses includes a provision also related to children that prohibits people from abandoning or endangering children. *See id.* § 22.041. That provision contains different subsections for two different offenses: abandoning a child and endangering a child. *See id.* § 22.041(b)-(c). Of significance here, subsection 22.041(c) states that a "person commits an offense if he . . . recklessly . . . by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of . . . mental impairment," and that the offense is a state-jail felony. *See id.* § 22.041(c), (f). Imminent

9

in this context means "ready to take place, near at hand, hanging threateningly over one's head, menacingly near." *Hernandez v. State*, 531 S.W.3d 359, 363 (Tex. App.—Eastland 2017, no pet.) (quoting *Garcia v. State*, 367 S.W.3d 683, 689 (Tex. Crim. App. 2012)); *see also id.* at 364 (explaining that "the Texas legislature intended to protect vulnerable children when it enacted Section 22.041").

When finding Edwards guilty of injury to a child, the jury determined that she recklessly caused L.B., who was fourteen years of age or younger, serious mental deficiency, impairment, or injury when Edwards allowed L.B. to access and ingest cocaine. Regarding the age of the victim, by concluding that L.B. was fourteen years of age or younger, the jury would also necessarily have found that L.B. was younger than fifteen years old as required under the endangering statute. *See* Tex. Penal Code §§ 22.04(c), .041(c). Similarly, by determining for the charged offense that Edwards recklessly allowed L.B. to access and ingest cocaine, the jury would also necessarily have found that Edwards recklessly "engage[d] in conduct" as required for the offense of endangering a child. *See id.* §§ 22.04(a), .041(c).

Turning to the final elements of the two offenses, the jury determined that Edwards's actions caused L.B. serious mental deficiency, impairment, or injury. *See id.* § 22.04(a). The terms deficiency, impairment, and injury are synonyms. *See Injury and Defect*, Thesaurus.com, https://www.thesaurus.com (last visited June 21, 2023) (listing deficiency and injury as synonyms for defect and listing impairment as synonym for injury); *see also Wagner v. State*, 539 S.W.3d 298, 318-19 (Tex. Crim. App. 2018) (Keller, J., dissenting) (noting that list of words in series may be intended to demonstrate shared commonality in meaning). As set out in our previous opinion, those terms also have similar definitions. *See Edwards I*, 2021 WL 2692350, at *2; *see also Ex parte Hammons*, 628 S.W.3d 335, 337 (Tex. App.—Waco 2021)

10

(defining terms from section 22.04), *vacated on other grounds by* 631 S.W.3d 715 (Tex. Crim. App. 2021). For example, "deficiency" has been defined as "the quality or state of being defective or lacking some necessary quality or element." *Deficiency*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/deficiency (last visited June 21, 2023). Similarly, "impairment" is defined as "diminishment or loss of function or ability." *Impairment*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/impairment (last visited June 21, 2023). "Injury" comparably is defined as "hurt, damage, or loss sustained." *Injury*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/injury (last visited June 21, 2023).

When the similar terms are read in the context of a statute in which an offender causes or inflicts those conditions, the synonymous nature of the terms is enhanced as all of them refer to mental damage inflicted on a victim by an offender. *See* Tex. Penal Code § 22.04; *see also Mental Deficiency*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/mental%20deficiency (last visited June 21, 2023) (defining "mental deficiency" as meaning "a deficiency in cognitive functioning"); *Mental Injury*, Law Insider, https://www.lawinsider.com/dictionary/mental-injury (last visited June 21, 2023) (defining "[m]ental injury" as "the observable, identifiable, and substantial impairment of a child's mental or psychological ability to function"); *Mental Impairment*, Collins Dictionary, https://www.collinsdictionary.com/us/dictionary/english/mental-impairment (last visited June 21, 2023) (defining "[m]ental impairment" as "a condition in which a part of a persons' mind is damaged or is not working properly"). Moreover, given the modifier "serious" found in section 22.04, the statute refers to "a heightened or excessive level of the deficiency, impairment, or injury." *Hammons*, 628 S.W.3d at 337; *see also* Black's Law Dictionary 1101 (6th abridged ed.

11

2000) (stating that "serious" as it relates to injuries means "dangerous; potentially resulting in death or other severe consequences").

The endangering statute does not require that the child victim actually suffer any mental damage and does not require that any damage be serious in nature. *See* Tex. Penal Code § 22.041©. Instead, the statute prohibits conduct that "places" the child "in imminent danger of . . . mental impairment." *Id.* Again, as with the injury-to-a-child statute, the meaning of "mental impairment" as referring to mental damage is provided by the context of having the impairment being caused by an offender's conduct. By concluding that Edwards caused the type of *serious* mental damage alleged in the charged offense, the jury would have also necessarily found that Edwards placed L.B. "in imminent danger of . . . mental impairment." *See Simms v. State*, 629 S.W.3d 218, 223 n.8 (Tex. Crim. App. 2021) (noting that "proof of causing serious bodily injury as is necessary to establish aggravated assault also automatically establishes proof of placing the victim in imminent danger of serious bodily injury for purposes of establishing deadly conduct"); *Ford v. State*, 38 S.W.3d 836, 845 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (reasoning that "one who causes bodily injury with a deadly weapon necessarily places the complainant in imminent danger of serious bodily injury").

Having determined that the jury would have necessarily found all of the elements of the offense of endangering a child, we conclude that the first *Thornton* prong is satisfied and that as charged in this case endangering a child is a lesser-included-offense of injury to a child. *See Gaddy v. State*, 433 S.W.3d 128, 131 (Tex. App.—Fort Worth 2014, pet. ref'd) (determining that "[t]he offense elements of felony DWI in this case are the same as the offense elements of misdemeanor DWI, save and except for the offense-enhancement paragraphs" and that, therefore, "the jury necessarily found Gaddy guilty of misdemeanor DWI in the course of

12

convicting him of felony DWI" (internal citations omitted)). Now, we address whether the second prong—if the evidence is sufficient to support a conviction for the lesser offense—is satisfied. As set out above, an individual commits the offense of endangering a child if the person recklessly "engages in conduct that places a child younger than 15 years in imminent danger of . . . mental impairment." Tex. Penal Code § 22.041©.

At trial, evidence was presented indicating that Edwards was the primary caregiver for her one-year-old daughter L.B. and that she was breastfeeding L.B. before L.B. was removed from her custody. In addition, Edwards filled out a form documenting that she had tested positive for cocaine around the time that L.B. was removed from her home and that she had regularly consumed cocaine in the days leading up to the drug testing. In addition, testing performed on a sample of L.B.'s hair revealed the presence of cocaine and cocaine metabolites that are produced inside the human body when cocaine is broken down. The testing produced a result that exceeded the maximum 20,000 picograms per milligram of cocaine that the test was designed to detect, and the estimated value of the actual concentration of cocaine was almost double the maximum test value.

When discussing the results of the testing, Jefferies testified that the level of cocaine present in the sample "shocked" him because it was so high and that the results were those he would expect for a person who is addicted and using that drug all the time. Similarly, Jeffries explained that the amount of drugs consumed would cause withdrawals and could cause appetite suppression, psychological effects, seizures, brain disorders, and mental developmental delays because cocaine attacks the nervous system. *Cf. Hernandez*, 531 S.W.3d at 364 (noting that factfinder may infer that victim suffered pain). However, L.B.'s guardian did testify that L.B. was not experiencing any developmental delays.

13

Although the Court of Criminal Appeals concluded that this evidence and the reasonable inferences that the jury could make from the evidence were insufficient to establish that L.B. actually "suffered a serious mental deficiency, impairment, or injury as a result of ingesting cocaine," *see Edwards II*, 666 S.W.3d at 576, we believe that the evidence and the reasonable inferences the jury could have made from the evidence are sufficient to establish that L.B. was placed in danger of imminent mental impairment, *see* Tex. Penal Code § 22.041(c). Viewing the evidence in the light most favorable to a conviction for the lesser offense, a reasonable jury could have concluded that Edwards recklessly allowed L.B. to access and ingest cocaine when she was younger than fifteen years old and that this conduct placed her in imminent danger of mental impairment. *See id.*; *see also Hernandez*, 531 S.W.3d at 366 (noting that jury could have determined that conditions in home constituted immediate danger to children's physical and mental health). Accordingly, the second *Thornton* prong is satisfied because the evidence is sufficient to support a conviction for the lesser-included offense of endangering a child, and reformation of the judgment is required. *See* Tex. Penal Code § 22.041(c); *see also* Tex. R. App. P. 43.2 (allowing appellate court to modify trial court's judgment); *Nowlin v. State*, 473 S.W.3d 312, 319 (Tex. Crim. App. 2015) (reforming judgment under *Thornton* to lesser included misdemeanor offense because all of elements were met except aggravating factor).

## CONCLUSION

For these reasons, we modify the trial court's judgment to reflect a conviction for the state-jail felony offense of endangering a child, affirm the judgment as modified as to the

14

finding of guilt, reverse the portion of the judgment imposing sentence, and remand the case to the trial court for a new punishment hearing on the lesser-included offense.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Modified and, as Modified, Affirmed in Part; Reversed and Remanded in Part on Remand

Filed:   June 23, 2023

Do Not Publish